UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN J. LOVETT,

                              Plaintiff,

            -against-

ACTING SUPT. SUSIE BENNETT OF
SULLIVAN CORRECTIONAL FACILITY,

                              Defendant.

1:22-CV-5462 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in the Sullivan Correctional Facility, filed this *pro se* action asserting violations of his federal constitutional rights, seeking damages and injunctive relief. He sues Susie Bennett, the Acting Superintendent of the Sullivan Correctional Facility. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983.

By order dated July 5, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

The Court understands Plaintiff's complaint as alleging the following: In about 2015, a Correctional Sergeant and a Correctional Officer killed a prisoner in the Sullivan Correctional

Facility. In 2019, Plaintiff, who was not then incarcerated in that facility, testified in an unspecified civil action brought in this court by members of the family of the deceased prisoner. As a result of bringing that civil action, the deceased prisoner's family members secured a settlement totaling $5,000,000, and the New York State Department of Corrections and Community Supervision ("DOCCS") agreed to place security cameras throughout the Sullivan Correctional Facility.

In 2022, Plaintiff was transferred to the Sullivan Correctional Facility, where some of the correctional personnel about whom Plaintiff testified are still employed, including those who killed the deceased prisoner. Those correctional personnel, knowing that, if they themselves attack Plaintiff for his testimony, they could be accused of retaliating against him, have sent other prisoners to threaten Plaintiff, spread rumors about him, and throw cigarette butts into his cell while "stating [that] they will burn [him] out." (ECF 2, at 4.)

Plaintiff has not been injured physically, but has been injured "mentally," and will not "engage in normal activities." (*Id.* at 5.) He has also requested mental-health services, but has not received those services.

Plaintiff seeks $99.99 "for emotional stress," in addition to a transfer to another correctional facility. (*Id.*)

## DISCUSSION

### A.     Personal involvement

Plaintiff must amend his complaint to name as defendants those individuals who are personally and directly involved in the alleged violations of his constitutional rights. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing an individual defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that

personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official. . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing that Acting Superintendent Bennett has been personally and directly involved in the alleged violations of Plaintiff's constitutional rights. The Court grants Plaintiff leave to file an amended complaint in which he names as defendants those individuals who were personally and directly involved with any violations of his constitutional rights and alleges facts showing how those individuals were personally and directly involved in those violations.

**B.    Failure to protect and failure to provide mental-health treatment**

The Court construes Plaintiff's complaint as asserting claims under Section 1983 that DOCCS personnel are violating Plaintiff's rights under the Cruel and Unusual Punishments Clause of the Eighth Amendment by failing to protect him, a convicted prisoner, from an attack by other prisoners, and by failing to provide him with mental-health treatment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). A prisoner must satisfy two elements to state such conditions-of-confinement claims: (1) an "objective" element, which requires a showing that the challenged conditions of confinement (including the risk of attack by other prisoners and the denial of mental-health treatment) are sufficiently serious, and (2) a "mental" element, which requires a showing that a prison official

4

has acted with at least deliberate indifference to those conditions of confinement. *Darnell*, 849 F.3d at 29, 33 n.9; *see Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996).

Under the objective element, "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Darnell*, 849 F.3d at 30 (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). "[P]rison officials violate the Constitution when they deprive an inmate of his basic human needs such as food, clothing, medical care, and safe and sanitary living conditions."[2] *Walker*, 717 F.3d at 125 (internal quotation marks omitted). Prison officials are required to take reasonable measures to guarantee the safety of prisoners, including protecting prisoners from harm caused by other prisoners. *See Farmer*, 511 U.S. at 832-33 (1994); *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997).

The second element – the "subjective" or "mental" element – requires a convicted prisoner to allege that a prison official "'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Darnell*, 849 F.3d at 32 (quoting *Farmer*, 511 U.S. at 837). "[A] prison official has sufficient

---

[2] With respect to a claim that prison officials have denied a prisoner adequate medical treatment, the objective element of such a conditions-of-confinement claim requires that the prisoner is or was suffering from a sufficiently serious medical or mental-health condition that "could result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)) (internal quotation marks omitted).

culpable intent if he has knowledge that an inmate faces a substantial serious risk of serious harm and disregards that risk by failing to take reasonable measures to abate the harm." *Hayes*, 84 F.3d at 620. The mere negligence of a prison official, however, is not a basis for a claim of a federal constitutional violation under Section 1983.[3] *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Plaintiff has not alleged facts sufficient to state a claim under Section 1983 that any specific DOCCS personnel are violating his rights under the Eighth Amendment by failing to protect him or by failing to provide him with mental-health treatment. Even if the Court were to understand that Plaintiff has alleged facts showing that his conditions of confinement in the Sullivan Correctional Facility, either alone or in combination, pose an unreasonable risk of serious damage to his health or safety, he has not alleged facts sufficient to show that any specific DOCCS official knows of and has disregarded an excessive risk to Plaintiff's health or safety, specifically, that that DOCCS official is both aware of facts from which the inference could be drawn that a substantial risk of serious harm to Plaintiff exists, and that the DOCCS official has drawn that inference.[4] The Court grants Plaintiff leave to file an amended complaint in which he alleges such facts.

## C.    Retaliation

The Court also understands Plaintiff's complaint as asserting claims under Section 1983 that DOCCS personnel have retaliated against Plaintiff by transferring him to the Sullivan Correctional Facility, denying him mental-health treatment, and by sending other prisoners in

---

[3] Allegations of malpractice or the negligent failure to provide medical or mental-health care do not state a viable claim under Section 1983. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Chance*, 143 F.3d at 703.

[4] This includes Plaintiff's claims arising from the alleged denial of mental-health treatment.

that facility to threaten him, because he has asserted his First Amendment rights by testifying in the previous civil action. To state a claim under Section 1983 of retaliation in violation of a prisoner's First Amendment rights, the prisoner must allege facts showing that "(1) the speech or conduct at issue was protected, (2) the defendant took adverse action against the plaintiff, and (3) there was a causal connection between the protected speech and the adverse action." *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (internal quotation marks and citation omitted).

"Voluntarily appearing as a witness in a public proceeding or a lawsuit is a kind of speech that is protected by the First Amendment." *Kaluczky v. City of White Plains*, 57 F.3d 202, 210 (2d Cir. 1995). Prison officials' transfer of a prisoner to a facility, such as when prison officials allegedly transferred Plaintiff to the Sullivan Correctional Facility after he testified, and their denial of medical or mental-health treatment to a prisoner, as prison officials allegedly did once Plaintiff was transferred to that facility, may qualify as adverse actions for the purpose of such a claim. *See Swinson v. City of New York*, No. 19-CV-11919, 2022 WL 142407, at *12 n.9 (S.D.N.Y. Jan. 14, 2022) (citing *Davis v. Kelly*, 160 F.3d 917, 920 (2d Cir. 1998)) (prison transfer); *Ross v. Correct Care Solutions LLC*, No. 11-CV-8542, 2013 WL 5018838, at *6 (S.D.N.Y. Sept. 13, 2013) (denial of medical treatment). Vague threats, by themselves, however, are not considered averse action. *Hayes v. Dahlke*, 976 F.3d 259, 274 (2d Cir. 2020). Yet, "[t]hreats accompanied by some action . . . surely constitute adverse action." *Id.* Whatever the manner of the retaliatory act, however, it must be "conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights. . . . Otherwise, the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection." *Dawes v. Walker*, 239 F.3d 489, 493 (2d Cir. 2001), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

With respect to determining whether there is a causal connection, "a court may infer an improper or retaliatory motive in the adverse action from: [] the temporal proximity of the [protected activity] and the [adverse] action; . . . ; [] vindication at a hearing on the matter; and [] statements by the defendant regarding his motive for [injuring] the plaintiff." *Thomas v. DeCastro*, No. 14-CV-6409, 2019 WL 1428365, at *9 (S.D.N.Y. Mar. 29, 2019) (internal quotation marks and citation omitted). Prisoners' claims of retaliation are, however, "'prone to abuse' since prisoners can claim retaliation for every [action] they dislike." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (citation omitted). Thus, courts should examine them with skepticism. *White v. Hess*, No. 14-CV-3339, 2020 WL 1536379, at *6 (E.D.N.Y. Mar. 31, 2020) ("[C]ourts must approach prisoner claims of retaliation with skepticism and particular care because claims are easily fabricated and because these claims may cause unwarranted judicial interference with prison administration.") (internal quotation marks and citation omitted).

It is clear that Plaintiff's testimony in the unspecified civil action is protected activity. Additionally, the Court will accept, for the purposes of this order, that Plaintiff's transfer to the Sullivan Correctional Facility and the denial of his requests for mental-health treatment were adverse actions. As he does not allege that the threats he received from prisoners were accompanied by subsequent action, however, those threats, by themselves, do not appear to constitute adverse action. Moreover, it is unclear whether there is a causal connection between the protected activity and the alleged adverse actions; Plaintiff cannot assert that he was "vindicated" by the deceased prisoner's family members' settlement in the civil action in which he testified, and it is unclear that: (1) there was temporal proximity between the protected activity (Plaintiff's testimony in 2019) and the adverse actions (his transfer to the Sullivan Correctional Facility and the denial of his requests for mental-health treatment, both in 2022),

and (2) the other prisoners' threats showed any intent to harm Plaintiff *because of* his previous testimony. The Court therefore grants Plaintiff leave to file amended complaint to allege facts sufficient to state a claim of retaliation under Section 1983; specifically, he must allege facts showing a causal connection between his protected activity and any adverse action.[5]

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "'should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under Section 1983, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

---

[5] To the extent that Plaintiff asserts claims of conspiracy under Section 1983 that DOCCS personnel conspired to violate his constitutional rights, Plaintiff has also not alleged facts sufficient to state such a claim. To state such a claim, a plaintiff must show "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). Vague and unsupported assertions of a claim of conspiracy will not suffice. *See, e.g., Wang v. Miller*, 356 F. App'x 516, 517 (2d Cir. 2009) (summary order); *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990). Inasmuch as Plaintiff asserts such claims, his allegations are vague and without detail. The Court grants Plaintiff leave to file amended complaint to allege facts sufficient to state such a claim.

The Court grants Plaintiff leave to amend his complaint to provide more facts about his claims under Section 1983. First, Plaintiff must name as the defendant(s) in the caption[6] and in the statement of claim those individuals who were allegedly personally and directly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[7] The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending his complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

---

[6] The caption is located on the front page of the complaint. Each defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[7] For example, a defendant may be identified as: "Correctional Officer John Doe #1, on duty on August 31, 2019, in the Sing Sing Correctional Facility clinic, during the 7 a.m. to 3 p.m. shift."

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

### CONCLUSION

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "amended complaint," and label the document with docket number 1:22-CV-5462 (LTS). An amended civil rights complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 27, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge