USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/15/2023

**MEMORANDUM ENDORSEMENT**

Lovett v. Bennett, 22-cv-05462 (NSR)

The Court is in receipt of the attached letter from Defendants, dated February 15, 2023, seeking leave to file a motion to dismiss Plaintiff's Second Amended Complaint.

The Court waives the pre-motion conference requirement and grants Defendants leave to file a motion to dismiss in accordance with the following briefing schedule:

(1) Defendants' moving papers are to be served (not filed) on March 17, 2023;

(2) Plaintiff's opposition papers are to be served (not filed) on May 1, 2023; and

(3) Defendants' reply papers are to be served on May 16, 2023.

All motion papers are to be filed by Defendants (including *pro se* Plaintiff's papers) on the reply date, May 16, 2023. The parties are directed to provide Chambers with two physical courtesy copies of their motion papers on the same date they are served on opposing counsel. The parties are further directed to provide the Court with an electronic courtesy copy of the motion papers as they are served per this Court's local emergency civil rules.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 34. The Clerk of Court is respectfully directed to mail this Endorsement to *pro se* Plaintiff at his address listed on ECF and to show service on the docket.

DATED: February 15, 2023
White Plains, NY

SO ORDERED:

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE



**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES                                                                                    DIVISION OF STATE COUNSEL
ATTORNEY GENERAL                                                                                      LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8665

February 15, 2023

**Via ECF**
Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:   *Lovett v. Bennett*, 22 Civ. 5462 (NSR)

Dear Judge Román:

I write respectfully on behalf of defendants Correction Officer ("CO") Shane Topel, CO Kevin Darling, CO Felix Santos, and Acting Superintendent Susie Bennett (collectively, "Defendants"),[1] and pursuant to the Court's Individual Rules of Practice, to request a pre-motion conference to address Defendants' intention to move to dismiss the Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).

In Plaintiff's initial and Amended Complaints, he alleged that he was present in Sullivan Correctional Facility in 2015 when he witnessed the death of an incarcerated individual ("I/I") at the hands of COs. In the trial that ensued, the initial and Amended Complaints allege that Plaintiff testified against the COs, and the family of the I/I was awarded five million dollars. When Plaintiff was transferred to Sullivan Correctional Facility in March of 2022, he alleged that the transfer was made with knowledge that it would place Plaintiff's life in danger.

In his First Amended Complaint, Plaintiff did not allege a violation of his constitutional rights, (Dkt. No. 6 at I. "Legal Basis for Claim"), and disclaimed any physical harm, (id. at V. "Injuries"); instead alleging that being housed at Sullivan was a "conflict of interest." (Id. at I. "Legal Basis for Claim"). Additionally, the relief sought by Plaintiff was a transfer from Sullivan, which has now been executed. (Id. at VI. "Relief"). As the Court is aware, Plaintiff is no longer housed at Sullivan Correctional Facility, which was the facility upon which his Amended Complaint allegations were based.

---

[1] Based upon a review of the Docket Sheet, Classification Analyst Jaclyn Chafetz has not yet been served with process and is thus not yet a party to this action. Nonetheless, Defendants respectfully request that the Court *sua sponte* dismiss the claims against her for the reasons set forth herein.

By Order dated December 1, 2022, Plaintiff was granted leave to amend the Complaint a second time, to identify the John Doe defendant responsible for Plaintiff's transfer to Sullivan Correctional Facility in March 2022, whom Defendants identified as Jaclyn Chafetz.

Plaintiff's Second Amended Complaint now names Jaclyn Chafetz and he has checked the box for a violation of his constitutional rights. However, Plaintiff has not identified any violation of his constitutional rights that would confer jurisdiction on this court, as he still alleges only a "conflict of interest." (Dkt. No. 24 at I. "Legal Basis for Claim").

### I. Plaintiff Does Not Allege a Failure to Protect Claim.

To the extent Plaintiff's Second Amended Complaint is read as alleging an Eighth Amendment claim against Defendants for failing to protect him, his claim fails because he admits that he has not been physically injured as a result of his transfer to Sullivan Correctional Facility. "Courts have found that a prisoner validly states an Eighth Amendment claim based on a failure to protect when he alleges that he informed corrections officers about a specific fear of assault and is then assaulted." *Davis v. Torres*, No. 10-CV-2236, 2012 WL 3070092, at *5 (S.D.N.Y. May 2, 2012), *adopted*, 2012 WL 3070083 (S.D.N.Y. July 27, 2012).

### II. Plaintiff's First Amendment Retaliation Claim Fails on the Pleadings.

To the extent that Plaintiff's Second Amended Complaint is read as alleging a First Amendment claim for retaliation, that claim fails on the pleadings. A First Amendment retaliation claim requires Plaintiff to plausibly allege that "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (quotation omitted). Defendants do not challenge the first prong of the test. Nevertheless, on the pleadings, a facility transfer seven years after the incident at issue does not suffice to meet either prong of the test. Plaintiff's claim that Defendant Chafetz knowingly and willingly transferred him to Sullivan is conclusory and does not sufficiently allege that her decision was substantially motivated by Plaintiff's testimony in a trial that occurred years prior, nor is it an adverse action.

A causal connection can be demonstrated by close temporal proximity between the protected act and the alleged retaliatory act and statements by the defendant concerning motivation. *See Roseboro v. Gillespie*, 791 F. Supp. 2d 353, 366 (S.D.N.Y. 2011); *Baskerville v. Blot*, 224 F. Supp. 2d 723, 732 (S.D.N.Y. 2002). Although there is no bright-line test, a lengthy time gap between the protected activity and the adverse action will generally defeat an inference of retaliation. *Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009).

Additionally, an incarcerated individual's claims of retaliation are reviewed "with skepticism and particular care," because "virtually any adverse action taken against a prisoner by a prison official … can be characterized as a constitutionally proscribed retaliatory act." *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (citing *Dawes v. Walker,* 239 F.3d 489, 491 (2d Cir. 2001)). "Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation. Otherwise, the retaliatory act is simply de minimis and therefore outside the ambit

of constitutional protection." *Davis*, 320 F.3d at 353 (quoting *Dawes*, 239 F.3d at 493 (citations omitted)).

### III. Plaintiff Has Not Alleged Any Claims Against Defendants Topel, Darling, Santos, and Bennett.

As to Defendants Topel, Darling, and Santos, Plaintiff's Second Amended Complaint does not allege a single fact regarding what the claims against them may be. While Defendant Bennett is at least mentioned in the "Facts" portion of the Second Amended Complaint, it is unclear what the claim against her is. The only sentence regarding her involvement in the case is that "[Plaintiff] wrote[] Acting Supt. Bennet, Comm. Annucci, Gov. Hochul, was denied mental consult, was seen[] after writing Unit Chief." Because Plaintiff has not pleaded facts establishing a constitutional violation against any of these Defendants, they must therefore be dismissed from this action for lack of personal involvement.

### IV. The Eleventh Amendment Bars Plaintiff from Recovering the Relief He Seeks.

In terms of the relief requested, Plaintiff seeks "to be reimbursed for the money I was extorted from, $9,999.00 [and] sent[] closer to home. Rochester N.Y." (Dkt. No. 24 at VI. "Relief"). To the extent Plaintiff alleges claims for damages against the Defendants in their official capacity, such claimed are barred by the Eleventh Amendment. *See Seminole Tribe of Florida*, 517 U.S. 44 (1996). With respect to Plaintiff's claim for injunctive relief—a transfer to a facility closer to his family—he does not allege that an ongoing violation of federal laws is occurring. Instead, the underlying allegations giving rise to this action occurred at a correctional facility where Plaintiff no longer resides. Accordingly, Plaintiff's request for injunctive relief is also barred by the Eleventh Amendment. *See, e.g.*, *McKenna v. Dinapoli*, 2016 WL 7413490, * 5 (E.D.N.Y. Dec. 22, 2016).

Thank you for your time and consideration.

Respectfully submitted,

*/s/ Suzanna Publicker Mettham*

Suzanna Publicker Mettham
Section Chief
Suzanna.Mettham@ag.ny.gov

cc:   Steven J. Lovett, *pro se* (via First-Class Mail)
DIN 01-B-1450
Green Haven Correctional Facility
594 Route 216
Stormville, NY 12582